# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BLANCA TOVIAS,

          Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,

          Agency.

DOCKET NUMBER
DA-1221-12-0243-W-3

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel J. Gamino, Esquire, Oklahoma City, Oklahoma, for the appellant.

Humberto Ruiz, Esquire, and Parisa Naraghi-Arani, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      After the Office of Special Counsel (OSC) closed its file on the appellant's complaint, MA-12-1489, the appellant, a Systems Accountant in the Enterprise Service Center (ESC) of the agency's Mike Monroney Aeronautical Center, timely filed this individual right of action (IRA) appeal.  She alleged therein that the agency failed to give her a cash award, transferred and reassigned her to a position that caused her to lose certain job duties without receiving a reassignment bonus, kept her from completing an assignment she was unable to finish prior to her reassignment, and did not allow her to attend a training course, all in retaliation for protected whistleblowing activities.  *Tovias v. Department of Transportation*, MSPB Docket No. DA-1221-12-0243-W-1 (W-1 File), Tab 1.  The administrative judge dismissed the appeal without prejudice twice, first in order to allow for the completion of discovery, W-1 File, Tab 53, and then pending resolution of issues presented by the passage of the Whistleblower Protection Enhancement Act of 2012 (WPEA), *Tovias v. Department of Transportation*, MSPB Docket No. DA-1221-12-0243-W-2 (W-2 File), Tab 17.  In accordance with the administrative judge's instructions, *id.*, and following the

Board's issuance of its decision in the interlocutory appeal, *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013) (in which the Board determined that certain provisions of the WPEA clarified, rather than changed, existing law, and therefore applied to actions pending before the effective date of the WPEA), the administrative judge automatically refiled the instant IRA appeal, *Tovias v. Department of Transportation*, MSPB Docket No. DA-1221-12-0243-W-3 (W-3 File), Initial Appeal File (IAF), Tab 1.

¶3    The administrative judge determined that the appellant established jurisdiction over her IRA appeal, finding that she had exhausted her administrative remedies before OSC and had nonfrivolously alleged that she made protected disclosures that were a contributing factor in the agency's decision to take or fail to take personnel actions.  IAF, Tab 22, Initial Decision (ID) at 6-8; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002). Nevertheless, on the merits of the appellant's IRA appeal, after holding a hearing, the administrative judge found that, even though the appellant established that she made two protected disclosures, she failed to prove by preponderant evidence that those disclosures were a contributing factor in the personnel actions at issue in this IRA appeal.  ID at 8-15.  Specifically, the administrative judge found the record devoid of any evidence that the individuals responsible for the personnel actions at issue knew of the appellant's whistleblowing disclosures at the time that they took those actions.  ID at 15.  The administrative judge found that, even if the appellant had demonstrated that her protected disclosures were contributing factors in the personnel actions at issue, the agency established by clear and convincing evidence that it would have taken the same actions absent the appellant's whistleblowing activity.  ID at 15-20.

¶4    In her timely-filed petition for review, the appellant challenges the administrative judge's findings regarding the issue of whether her protected disclosures were a contributing factor in the personnel actions at issue.  W-3 File,

Petition for Review (PFR) File, Tab 1. She also challenges the administrative judge's finding that the agency established that it would have taken the same actions in the absence of her whistleblowing activity. *Id.* The agency responds in support of the administrative judge's findings. PFR File, Tab 3. Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980). In that regard, other than to state that she disagrees, the appellant has not identified any evidence in the record that would refute the administrative judge's conclusions.

¶5      For example, the appellant claims that the agency did not allow her to attend Lead Auditor Training until after she filed an equal employment opportunity (EEO) complaint in which she alleged that the agency's failure to allow her to attend the training was retaliatory. PFR File, Tab 1 at 18. First, we note that, as the appellant acknowledged, the training was ultimately granted. Also, the appellant's EEO complaint is not one of the disclosures that she previously identified, either in her OSC complaint, or before the Board. *See* ID at 6-7; IAF, Tab 11 at 3; W-1 File, Tab 43 at 6-8. Additionally, after considering the hearing testimony, the administrative judge found unreasonable the appellant's assertions that the denial of training was in some way related to the disclosures at issue. ID at 20. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's assertions are insufficient to overcome that deference.

¶6      The appellant also asserts that the human resources manager and center director to whom she made her protected disclosures both discussed the content of

those disclosures with the ESC director and his deputy. PFR File, Tab 1 at 18. She further claims that, because those individuals have oversight, control, and input over decisions made by their subordinates, "[t]he knowledge/timing test shows this to be retaliatory movements" against her. *Id.* at 18-19. The appellant argues that the "cat's paw" theory applies here to ascribe the improper animus of one agency official to another. *See Staub v. Proctor Hospital*, 131 S.Ct. 1186, 1190, 1193-94 (2011); *Marano v. Department of Justice*, 2 F.3d 1137, 1140 (Fed. Cir. 1993); *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 23 (2014) (*Staub* and *Marano*, when read together, establish that an appellant can demonstrate that a prohibited animus toward a whistleblower was a contributing factor in a personnel action by showing by preponderant evidence that an individual with knowledge of the appellant's protected disclosure influenced the deciding official accused of taking the personnel action). However, the appellant's theory ignores the administrative judge's explicit finding that none of the individuals responsible for the personnel actions at issue were influenced by anyone else in their decisions, ID at 13-15, and she identifies nothing on review that would indicate that someone with either actual or constructive knowledge of her disclosures influenced those individuals concerning the personnel actions at issue. Moreover, the appellant fails to offer "sufficiently sound" reasons to overcome the deference accorded the administrative judge's determinations regarding the credibility of the witnesses and the testimony she observed. *See Haebe*, 288 F.3d at 1301.

¶7      The appellant also questions the administrative judge's findings regarding her reassignment, citing email messages, including one from the individual who effected the transfer, in which he stated that he was "trying to find a good fit" for her instead of the rationale, i.e., increased workload and a hiring freeze, that was cited by another agency official in her testimony regarding the circumstances of the appellant's reassignment. PFR File, Tab 1 at 18, 21-22; *see* ID at 17-18. With her petition for review, the appellant includes copies of the email messages

she cites, all of which are dated before the close of the record below, PFR File, Tab 1 at 28-36; *see* 5 C.F.R. § 1201.58, but she does not say whether the documents were unavailable, despite her due diligence, before the record closed. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. However, regardless of the reason for the reassignment, one would expect that the individual responsible would seek "to find a good fit" for the individual being reassigned and that doing so would benefit both the agency and the individual so affected. Also, there is nothing contradictory about desiring that a reassignment necessitated by a hiring freeze or a demand for particular skills be "a good fit" for the individual being transferred. Moreover, even if we were to consider the email messages the appellant submits on review, they do not demonstrate that the administrative judge erred in finding that the agency established that there was nothing untoward about the appellant's reassignment. ID at 16-19.

¶8        The appellant's remaining contentions are equally unavailing. Ultimately, on the issues before the Board in this matter, we agree with the administrative judge's finding that the appellant failed to prove that her disclosures were contributing factors in the personnel actions at issue in this IRA appeal and accordingly concur with her denial of the appellant's request for corrective action. ID at 20. Inasmuch as the appellant challenges the administrative judge's finding that the agency established by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's whistleblowing activity, because the statute instructs that the denial of a request for corrective action on that basis may only be made "*after* a finding that a protective disclosure was a contributing factor," 5 U.S.C. § 1221(e)(2) (emphasis added), and the administrative judge instead found that the appellant's protected disclosures were not a contributing factor to the personnel actions at issue in this appeal, ID at 12-15, we have not considered the administrative judge's findings in that regard,

*see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014); *Belyakov v. Department of Health & Human Services*, 120 M.S.P.R. 326, ¶ 7 n.3 (2013).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.